**Penn A. Dodson (PD2244)**
ANDERSONDODSON, P.C.
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.
(646) 998-8051 fax
*penn@andersondodson.com*

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YROK

| | |
|---|---|
| KIRSTEN BRITTLE,<br><br>                    Plaintiff,<br><br>v.<br><br>NETAMORPHOSIS, LLC, and<br>LYDE SPANN, an individual,<br><br>                    Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. __1:20-cv-3880_____<br><br><br>**JURY TRIAL REQUESTED** |

## INTRODUCTION

1. At its core this is a salary misclassification overtime case. Plaintiff Kirsten Brittle worked for Defendants' technology company for a little over a year.  During this time, Plaintiff consistently worked more than 40 hours a week but was paid the same salary regardless of how many hours she worked. Her salary, which ranged from $47,000 to $56,000 per year during her tenure, was also under New York's threshold for employers to claim the administrative or executive exemptions from overtime pay. After she brought this to the attention of Defendants, an act protected under federal and New York labor laws, she was demoted and then terminated.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

2. To challenge these and other wage violations, Plaintiff brings this action, by and through her attorneys, against Defendants Netamorphosis, LLC, and Lyde Spann, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL").  Plaintiff further alleges that Defendant violated the anti-retaliation provisions of the FLSA and/or NYLL by terminating her in response to her complaints regarding her employer's wage and hour violations.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq*. A significant portion of the events giving rise to the instant litigation occurred at the Defendants' office located at 15 West 26th Street, New York, NY 10010.

## PARTIES

**Defendant Netamorphosis, LLC**

6. Defendant **Netamorphosis, LLC** (hereinafter "Netamorphosis") is a New York corporation doing business within New York County, and whose principal place of

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Brittle v. Netamorphosis*
USDC, SDNY

Complaint
Page 2

business is located at 15 W 26th St, Suite 10F, New York, NY 10010. Its DOS Process agent listed with the NYS Department of State is Netamorphosis, LLC at the same address.

7. At all relevant times, Defendant Netamorphosis had annual gross revenues in excess of $500,000.

8. At all relevant times, Defendant Netamorphosis was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all times material to this action, Defendant Netamorphosis was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Lyde Spann**

10. Defendant Lyde Spann, an individual, resides at 139 E 30th Street, Apt 4D, New York City, NY, in New York County, upon information and belief.

11. At all times material to this action, Defendant Spann actively participated in the business of the corporation.

12. Defendant Spann has an ownership interest in and/or is a shareholder of Netamorphosis.

13. Defendant Lyde Spann is one of the ten largest shareholders of Netamorphosis.

14. At all times material to this action, Defendant Spann exercised substantial control over the functions of the company's employees including Plaintiff.

15. At all times material to this action, Defendant Spann was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Kirsten Brittle**

16. Plaintiff Kirsten Brittle is a resident of New York City, New York.

17. Plaintiff Brittle worked for Defendant Netamorphosis from June 18, 2018 to July 18, 2019.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brittle v. Netamorphosis*
USDC, SDNY

Complaint
Page 3

18. Plaintiff Brittle's primary supervisor was Defendant Spann.

19. At all times material to this action, Plaintiff Brittle was an "employee" within the meaning of 29 U.S.C. § 203(e).

20. Plaintiff's original title was "office coordinator." In this role Plaintiff's rate of pay was $47,000 per year.

21. After about 8 months, in February 2019, she received a raise to $52,500 per year and was given the title "office manager."

22. In approximately June, 2019, her title was changed again, to "social media manager," but her duties did not change.

23. Her final raise occurred in July 2019, the month in which she was fired, when her pay increased to $56,000 per year. This rate may have been in effect only for the final pay period or may have never gone into effect before her departure.

24. In all of these roles, Plaintiff's duties and responsibilities were primarily clerical in nature. For example, she ran errands, arranged travel for the CEO, and scheduled internal meetings.

25. Plaintiff exercised no independent discretion or judgment in the performance of her duties.

26. In approximately early July 2019, Plaintiff realized that her salary was less than the New York City threshold amount for employees to be exempt under the executive or administrative exemptions.

27. Very soon she brought this to Defendants' attention, she was terminated.

28. While working in this capacity, Plaintiff Brittle was not expected to record time worked.

29. Plaintiff Brittle estimates that generally she worked approximately 55 hours per week.

30. Plaintiff Brittle typically started work at 8:30 AM and stopped work at 7:00 PM. She

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brittle v. Netamorphosis*
USDC, SDNY

Complaint
Page 4

usually worked 5 days per week.

31. For hours over 40 worked in the workweek, Plaintiff Brittle received no extra pay.

32. Thus, Plaintiff Brittle was not paid at a rate of one- and one-half times her normal pay rate for all hours over 40 worked in a workweek.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

33. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

34. Defendants failed to compensate Plaintiff at a rate of one- and one-half times her normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Record-Keeping Failures*

35. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based On Good Faith & Entitlement to Damages*

36. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

37. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Brittle v. Netamorphosis*
USDC, SDNY

Complaint
Page 5

38. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

39. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

40. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*Failure To Pay Overtime*

41. Defendants failed to compensate Plaintiff at a rate of one- and one-half times her normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

*Spread of Hours*

42. Plaintiff worked more than 10 hours on at least some workdays, but Defendants failed to pay her an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

*Failure to Provide Wage Notice*

43. Defendant failed to furnish Plaintiff with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brittle v. Netamorphosis*
USDC, SDNY

Complaint
Page 6

tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

### *Record-Keeping Failures*

44. At all relevant times, Defendant Netamorphosis failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

45. At all relevant times, Defendant Netamorphosis failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

46. Defendant failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

### *Damages*

47. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover her unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action.  NY Lab. Code § 663(1).

**As And For A Third Cause of Action:**
**FLSA – RETALIATION**

48. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brittle v. Netamorphosis*
USDC, SDNY

Complaint
Page 7

49. Plaintiff inquired or complained about the fact that she was not receiving overtime pay even though she was being paid at a rate less than the minimum threshold for New York city employees to her immediate superior, Lyde Spann.

50. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in activity protected under the FLSA.

51. Plaintiff's termination from employment was an adverse employment action.

52. Plaintiff's termination from employment was causally connected to her inquiries regarding the propriety of the deductions being made to her pay.

53. Defendant violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiff for exercising rights protected under the Act.

54. As a result of these violations by Defendant of the FLSA, the Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

**As And For A First Cause of Action:
NYLL – RETALIATION**

55. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

56. Plaintiff inquired or complained about not receiving overtime pay to her supervisor, Defendant Lyde Spann.

57. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in an activity protected under NYLL § 215(2).

58. Plaintiff's termination from employment was an adverse employment action.

59. Plaintiff's termination from employment was causally connected to her inquiries regarding

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brittle v. Netamorphosis*
USDC, SDNY

Complaint
Page 8

the propriety of Defendants' pay practices.

60. Defendants violated the provisions of NYLL § 215 by retaliating against Plaintiff for exercising protected rights.

61. As a result of these violations by Defendants of the FLSA, the Plaintiff is entitled to damages as set forth in the NYLL, more specifically NYLL § 215(2), in an amount to be determined at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)  Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B)  Award Plaintiff liquidated damages in the amount of her unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C)  Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D)  Award Plaintiff "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

(E)  Award Plaintiff appropriate damages for the retaliatory acts taken against through her , including back pay, front pay in lieu of reinstatement, emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial;

(F)  Award Plaintiff interest;

(G)  Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brittle v. Netamorphosis*
USDC, SDNY

Complaint
Page 9

(H)     Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **19th** day of **May, 2020.**

ANDERSONDODSON, P.C.

*[signature]*

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*

11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 direct
(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Brittle v. Netamorphosis*
USDC, SDNY

Complaint
Page 10