

# MEMO ENDORSED

June 17, 2020

Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY  10007

Via ECF

> The application to stay the case pending arbitration is GRANTED.  The parties are directed to provide the Court with a status update within forty-eight hours of the conclusion of the arbitration proceeding.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: June 17, 2020
> New York, New York

      Re:    *Brittle v. Netamorphosis, LLC et al.;* 1:20-cv-03880
            Motion to Stay Case Pending Arbitration

Your Honor:

We represent the plaintiff in the above-described wage and hour matter. Pursuant to FAA §3 (9 U.S.C. §3), we write to request that the Court stay this case and all pertinent deadlines pending the outcome of arbitration in this case.

After the plaintiff filed her complaint in this matter, counsel for the defendants (who have not yet appeared before this Court) advised us of the existence of an arbitration agreement between the parties. Rather than litigate the enforceability of this agreement, and without conceding the applicability of the agreement, we have agreed to pursue resolution of this case through arbitration.

Counsel for defendants have indicated that they would prefer this case be dismissed instead of stayed. However, pursuant to *Katz v. Cellco Partnership, dba Verizon Wireless*, 2015 WL 4528658 (2d Cir. July 28, 2015), courts have a potentially important ancillary role in arbitration cases. The *Katz* court wrote, "judicial participation in the arbitral process is permitted" — i.e., (i) to resolve disputes regarding the appointment of an arbitrator or to fill an arbitrator vacancy, 9 U.S.C. §5; (ii) to compel the attendance of witnesses (i.e., to enforce an arbitrator's subpoena) or to punish a witness for contempt, id. §7; and (iii) to confirm or vacate or modify an arbitral award, id. §§9-11. Courts can also provide a remedy if a party defaults in the course of arbitration. See *Pre-Paid Legal Services, Inc. v. Cahill*, 2015 WL 3372136 (10th Cir. May 26, 2015). Courts in the Second Circuit should therefore stay cases pending the result of arbitration rather than dismissing them.

We thank the Court for its attention to this matter.

Sincerely,

Penn Dodson, Esq.
*penn@andersondodson.com*