UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIRSTEN BRITTLE,

                        Plaintiff,

              – against –

NETAMORPHOSIS, LLC and LYDE SPANN,
*an individual*,

                        Defendants.

**<u>ORDER</u>**

20 Civ. 3880 (ER)

R<small>AMOS</small>, D.J.:

      Kirsten Brittle commenced this action on May 19, 2020 against Metamorphosis, LLC and

Lyde Spann, for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor

Law.  Doc. 1.  Pending before the Court is Brittle's request for dismissal with prejudice of her

suit and the parties' settlement agreement (the "Agreement").  Doc. 11.  Brittle argues that the

Court need not review the Agreement because Defendants have not yet appeared in this case and

the matter is subject to arbitration.  In the alternative, Brittle requests that the Court approve the

Agreement.  For the reasons set forth below, the Court concludes that its approval is required for

the Agreement, and Brittle's request for approval is DENIED.

**I.     Applicability of *Cheeks* Review**

      As an initial matter, Brittle argues that the Court need not review the Agreement in order

to dismiss this case with prejudice.  In this Circuit, parties cannot privately settle FLSA claims

with prejudice absent the approval of the district court or the Department of Labor ("DOL").

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  Where the court

retains jurisdiction over the case, the parties therefore must satisfy that their agreement is "fair

and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015).

Brittle puts forth two reasons why the Agreement is not subject to *Cheeks* review. First, Brittle emphasizes that Defendants have yet to appear in this matter. In *Cheeks*, the Second Circuit addressed specifically whether court approval was necessary where the parties seek dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii), *see* 796 F.3d at 200, which applies when all parties have appeared, *see* Fed. R. Civ. P. 41(a)(1)(A)(ii). Brittle argues that, because Defendants have not yet appeared in this matter, the action can be dismissed under Rule 41(a)(1)(A)(i), which allows for a plaintiff to dismiss an action without court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," Fed. R. Civ. P. 41(a)(1)(A)(i). Since the Second Circuit's holding in *Cheeks* did not specifically address Rule 41(a)(1)(A)(i), Brittle argues that its holding does not apply here, and that the Agreement does not require the Court's approval.

The Court disagrees. As an initial matter, Brittle is correct that, even after *Cheeks*, it remains an open question whether approval by a district court or the DOL is necessary where plaintiffs seek to dismiss FLSA claims with prejudice pursuant to Rule 41(a)(1)(A)(i). *See Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 411 (2d Cir. 2019). Still, courts in this Circuit have concluded that *Cheeks* review applies to such dismissals. *See Amadis v. Newscastle Realty Servs., LLC*, No. 17 Civ. 8116 (WHP), 2018 WL 2727350, at *1 (S.D.N.Y. May 10, 2018); *Martinez v. Ivy League Sch., Inc.*, No. 15 Civ. 7238 (DRH), 2016 WL 3582062, at *3 (E.D.N.Y. June 28, 2016). Those courts have noted that *Cheeks*'s "analysis of whether the FLSA fits within Rule 41's 'applicable federal statute' exception—such that the FLSA could limit a plaintiff's otherwise peremptory ability to dismiss an action without a court order—does not turn on whether the dismissal is

2

effectuated under" Rule 41(a)(1)(A)(i) or 41(a)(1)(A)(ii), as "Rule 41(a)(1)(A)'s language conditioning dismissal on 'any applicable federal statute' modifies both subdivisions." *Amadis*, 2018 WL 2727350, at *1 (quotations omitted). Additionally, those courts have also emphasized that such an interpretation aligns with the remedial and protective purposes of the FLSA, noting that "the need for employee protection applies just as much . . . where there is an apparent resolution of an FLSA claim before the filing of an answer or motion for summary judgment." *Martinez*, 2016 WL 3582062, at *3. After all, *Cheeks*'s "concerns with the possibility for abuse or oppression in settlements dismissing FLSA claims with prejudice exist regardless of the procedural mechanism the plaintiff uses to dismiss the case." *Amadis*, 2018 WL 2727350, at *1. The Court finds the reasoning of these courts persuasive, and likewise concludes that *Cheeks* review is required when a plaintiff seeks to dismiss FLSA claims with prejudice pursuant to Rule 41(a)(1)(A)(i).

Second, Brittle argues that *Cheeks* review is not required when the parties reach a settlement agreement in a case that is subject to arbitration. After Brittle filed the instant suit, Defendants informed her of the existence of an arbitration agreement between the parties. The parties agreed to pursue arbitration, and the Court granted Brittle's request for a stay of the suit pending resolution of that arbitration proceeding. Doc. 8. Before the arbitration finished, the parties agreed to a settlement, and Brittle in turn requested a withdrawal of her demand for arbitration. Doc. 11 at 1. Brittle contends that, because the case was stayed and subject to arbitration, the Court does not need to approve the Agreement.

The Second Circuit has not settled the issue of whether *Cheeks* review is required where a court retains jurisdiction over a FLSA matter that is subject to arbitration, and the case settles before the parties conclude arbitration. Courts in this Circuit have diverged on this issue. *See*

3

*Caccavelli v. Jetro Cash and Carry Enters., LLC*, No. 17 Civ. 7306 (PKC), 2020 WL 5752104, at *4 (E.D.N.Y. Sep. 25, 2020) (concluding that *Cheeks* review is required where parties settle prior to completion of arbitration); *Agha v. TForce Final Mile, LLC*, No. 17 Civ. 7301 (WHP), 2018 WL 6982112, at *2 (S.D.N.Y. Dec. 26, 2018) (concluding that district court did not retain jurisdiction to perform *Cheeks* review once it had compelled arbitration).  Based on the principles underlying the FLSA and the rationale in *Cheeks* and its progeny, the Court agrees with those courts that have concluded that *Cheeks* approval is required.

As an initial matter, the Second Circuit has made clear that FLSA claims are arbitrable. *Rodriguez-Depena v. Parts Auth., Inc.*, 877 F.3d 122, 123 (2d Cir. 2017).  Still, in a FLSA case subject to arbitration, "[a]lthough the arbitrator will have primary jurisdiction over deciding the substantive claims in the parties' dispute, a court compelling parties to arbitration under the [Federal Arbitration Act] does not divest itself of full jurisdiction over the case by doing so." *Caccavelli*, 2020 WL 5752104, at *3; *see also Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015).  Indeed, courts in this Circuit have customarily stayed FLSA cases pending arbitration, sometimes doing so explicitly to retain jurisdiction over the matter.  *See, e.g.*, *Reyes v. Gracefully, Inc.*, No. 17 Civ. 9328 (VEC), 2018 WL 2209486, at *9 (S.D.N.Y. May 11, 2018).

Again, the Second Circuit has made clear that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." *Cheeks*, 796 F.3d at 206.  As such, a district court that retains jurisdiction must review the parties' settlement agreement in such a case, absent approval by the DOL.  *See id.*; *see also Rodriguez-Depena*, 877 F.3d at 124.  "That FLSA claims are arbitrable . . . does not undermine the Court's belief that, at least in cases where no arbitral award has been issued, the parties' settlement is subject to judicial review under *Cheeks*.  If anything, the rationale for not requiring a *Cheeks* review when a case is

4

resolved through arbitration reinforces this conclusion." *Caccavelli*, 2020 WL 5752104, at \*3.

After all, "FLSA claims are arbitrable 'because the kind of third-party supervision that arbitration

affords was deemed to be sufficiently similar to court (or Department of Labor) approval to be

valid under the FLSA.'" *Id.* (quoting *Yu*, 944 F.3d at 420 n.7 (Calabresi, J., dissenting)).  Where,

as here, the parties have settled and the plaintiff has withdrawn her demand for arbitration,

arbitration no longer affords a forum to ensure FLSA's primary remedial purposes of

"prevent[ing] abuses by unscrupulous employers, and remedy[ing] the disparate bargaining

power between employers and employees." *Cheeks*, 796 F.3d at 207.  Accordingly, the Court

must review the Agreement under *Cheeks*.

## II.    *Cheeks* Review

To determine whether a proposed settlement is fair and reasonable pursuant to *Cheeks*,

the Court must consider the totality of circumstances, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to
> which the settlement will enable the parties to avoid anticipated
> burdens and expenses in establishing their respective claims and
> defenses; (3) the seriousness of the litigation risks faced by the
> parties; (4) whether the settlement agreement is the product of
> arm's-length bargaining between experienced counsel; and (5) the
> possibility of fraud or collusion.

*Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (quoting *Wolinsky v. Scholastic Inc.*,

900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012)).  Additionally, factors that preclude approval

include the presence of an overly broad release that waives claims beyond those related to wage-

and-hour issues, a non-disparagement provision that prevents a plaintiff from making truthful

statements about her experience litigating the case, a confidentiality clause that has the same

effect, and a provision barring a plaintiff from future employment with the defendants.  *See*

*Cheeks*, 796 F.3d at 206; *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 & n.65

(S.D.N.Y 2015); *Zekanovic v. Augies Prime Cut of Westchester, Inc.*, No. 19 Civ. 8216 (KMK), 2020 WL 5894603, at *4 (S.D.N.Y. Oct. 5, 2020); *Weng v. T&W Rest., Inc.*, No. 15 Civ. 8167 (PAE) (BCM), 2016 WL 3566849, at *4–5 (S.D.N.Y. June 22, 2016).  Currently, the Court cannot approve the Agreement for several reasons.

First, the Agreement impermissibly bars Brittle from seeking reemployment with Defendants.  Doc. 11-1 at 2.  "Courts in this Circuit have consistently rejected FLSA settlements that seek to prevent plaintiffs from having a future employment relationship with the defendant as contrary to the underlying aims of the FLSA." *Zekanovic*, 2020 WL 5894603, at *4 (quotation omitted).  Such bars on reemployment "conflict with the FLSA's primary remedial purpose." *Ortiz v. My Belly's Playlist LLC*, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017) (quoting *Cheeks*, 796 F.3d at 207) (internal quotation mark omitted).  Accordingly, the term is not fair and reasonable.

Second, the Agreement contains an impermissible confidentiality provision.  Courts in this District reject agreements that contain "confidentiality provisions that would undermine the broad remedial purposes of the FLSA." *Santos v. Yellowstone Props., Inc.*, No. 15 Civ. 3986 (PAE), 2016 WL 2757427, at *3 (S.D.N.Y. May 10, 2016); *Lopez*, 96 F. Supp. 3d at 177–78. After all, such provisions "are contrary to public policy and the remedial purposes of the FLSA because they 'prevent the spread of information about FLSA actions to other workers . . . who [could] then use that information to vindicate their own statutory rights.'" *Weng*, 2016 WL 3566849, at *4 (quoting *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647 (AJN), 2016 WL 1626631, at *3 (S.D.N.Y. Apr. 21, 2016)).  Here, the Agreement prevents Brittle from affirmatively seeking public disclosure of the Agreement or its contents, and the parties agree to keep information concerning the terms of the Agreement—including the amount paid to settle the dispute—

6

confidential.  Doc. 11-1 at 3.  Because the confidentiality provision prevents Brittle from sharing information related to the resolution of this case, it would silence an employee who has "'vindicated a disputed FLSA right,' and thereby 'thwart[] Congress's intent to ensure widespread compliance with [the FLSA].'"  *Weng*, 2016 WL 3566849, at *4 (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14 Civ. 2592 (LAK), 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015)).  As such, the term is not fair and reasonable.

Third, the Agreement contains an overly broad release.  In FLSA settlement agreements, a plaintiff may release any and all wage-and-hour claims that are at issue or could have been at issue in the instant litigation.  *See Pinzon v. Jony Food Corp.*, No. 18 Civ. 105 (RA), 2018 WL 2371737, at *2 (S.D.N.Y. May 24, 2018) (finding that release was proper where all "released claims are related to wage-and-hour or other employee-benefits issues"); *see also Hyun v. Ippudo USA Holdings*, No. 14 Civ. 8706 (AJN), 2016 WL 1222347, at *3–4 (S.D.N.Y. Mar. 24, 2016).  However, courts in this District routinely reject release provisions that require a plaintiff to waive claims that have no relationship to wage-and-hour claims.  *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016).  Here, the Agreement releases Defendants from any claims under common law, any contract, or any statute other than the FLSA or NYLL, where such claims arise from or are related to Brittle's employment or termination, and the Agreement notes several non-wage-and-hour statutes as examples.  Doc. 11-1 at 4.  Thus, because the parties do not limit the release provision to wage-and-hour claims that were or could have been at issue in the instant suit, the term is not fair and reasonable.  *See Lopez*, 96 F. Supp. 3d at 181; *see also Pinzon*, 2018 WL 2371737, at *2.

Separate from these three issues, the Agreement lacks information necessary for the Court to complete its review pursuant to *Cheeks*.  In her fairness letter, Brittle asserts that her

counsel's expenses have exceeded $20,000 for over ninety hours of billable work, and notes that her counsel will receive $8,181.82 of the $30,000 settlement award for fees and costs.[1]  Doc. 11 at 4.  Although courts in this District routinely approve FLSA settlement agreements where, as here, the award of attorney's fees represents less than one third of the settlement fund, net costs, *see Flores Hernandez v. Vill. Nat. Rest. Corp.*, 19 Civ. 8378 (ER), 2020 WL 5518314, at *1 (S.D.N.Y. Sep. 14, 2020), they must still "independently ascertain the reasonableness of" an award of attorney's fees, *Gurung*, 226 F. Supp. 3d at 229–30, and doing so requires counsel to "submit evidence providing a factual basis for the award," *Wolinsky*, 900 F. Supp. 2d at 336. Because the Agreement and the accompanying fairness letter lack this information, the Court cannot determine whether the Agreement is fair and reasonable as to the settlement award or attorney's fees.  Accordingly, the Court cannot approve the Agreement.

## III.    CONCLUSION

For the foregoing reasons, the parties' request for approval of the Agreement is DENIED without prejudice.  The parties may proceed in one of the following ways:

1.  File a revised letter and signed agreement addressing the concerns expressed in this Order by **February 5, 2021**; or

2.  File a joint letter by **February 5, 2021** that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will set a date for a pre-trial conference.

It is SO ORDERED.

Dated:    January 22, 2021
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

---

[1] Brittle does not specify what portion of the $8,181.82 figure is allotted for attorney's fees versus other litigation costs.