UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIRSTEN BRITTLE,

                Plaintiff,

        – against –

NETAMORPHOSIS, LLC and LYDE SPANN, *an individual*,

                Defendants.

**ORDER**

20 Civ. 3880 (ER)

RAMOS, D.J.:

      Kirsten Brittle commenced this action on May 19, 2020 against Netamorphosis, LLC and Lyde Spann, for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law.  Doc. 1.  On January 11, 2021, the parties submitted their first application to the Court for settlement approval.  Doc. 11.  On January 22, 2021, the Court declined to approve that application without prejudice because:  (1) the agreement barred Brittle from seeking reemployment with Defendants, (2) the agreement contained an impermissible confidentiality provision, (3) the agreement contained an overly broad release, and (4) Brittle's counsel failed to submit evidence to support her award of attorney's fees.  Doc. 12.  Pending before the Court is the parties' revised settlement agreement (the "Revised Agreement") and amended fairness letter in support.  Doc. 13.

      The parties have addressed the Court's concerns regarding the original agreement.  First, the Revised Agreement does not bar Brittle from seeking reemployment with Defendants.  Second, the Revised Agreement no longer contains a confidentiality provision.  Third, the parties have revised the release to limit it to claims related to or arising out of wage-and-hour issues.

And fourth, Brittle's counsel has now submitted documentation in support of the proposed fee award. Doc. 13-2. Thus, the Court now turns to reviewing the remaining terms of the Revised Agreement.

Brittle's settlement award is fair and reasonable. The Revised Agreement awards Brittle $21,818.18 and her counsel $7,786.82 in fees and $395 in litigation costs. Doc. 13. Brittle alleges that she was owed $27,073.80 in back wages and asserts that her maximum possible recovery is $67,342.60, meaning that the settlement award she receives represents 32.4% of her maximum recovery and 80.6% of her claimed unpaid wages. *See* Doc. 11. Courts in this District have routinely approved similar settlement awards where the parties have identified potential obstacles to a plaintiff's recovery. *See, e.g.*, *Garcia v. Cloister Apt Corp.*, No. 16 Civ. 5542 (HBP), 2019 WL 1382298, at *2 (S.D.N.Y. Mar. 27, 2019) (approving award to plaintiff that represented approximately 28% of total alleged damages and 72% of claimed unpaid wages); *Rojas v. Bronx Moon LLC*, No. 17 Civ. 5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018) (approving award to plaintiff representing approximately 31% of maximum alleged recovery). Here, Brittle has noted her desire to receive a settlement without experiencing the risks and delays that may result from the arbitration proceeding. *See* Doc. 11. Further, the case is at an early procedural posture in the arbitration, and the agreement appears to be the result of an arm's-length bargaining between counsel with no evidence of fraud or collusion. *See Flores Hernandez v. Vill. Nat. Rest. Corp.*, No. 19 Civ. 8378 (ER), 2020 WL 5518314, at *2 (S.D.N.Y. Sept. 14, 2020); *Pinzon v. Jony Food Corp.*, No. 18 Civ. 105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018). Accordingly, the Court concludes that the term is fair and reasonable.

The Revised Agreement also allocates a fair and reasonable portion of the settlement to Brittle's attorney's fees. "In an FLSA case, the Court must independently ascertain the

reasonableness of the fee request." *Gurung v. White Way Threading, LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). To determine the reasonableness of a fee request, courts consider the portion of the total settlement amount, net costs, that the fee request represents. *See id.* at 230; *see also Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *1–2 (S.D.N.Y. Jan. 2, 2019). Courts in this District routinely award one third of a settlement fund, net of costs, as a reasonable attorney's fee in FLSA cases. *Flores Hernandez*, 2020 WL 5518314, at *1; *see also Gurung*, 226 F. Supp. 3d at 230. Here, Brittle's counsel's fee award is $7,786.82, representing 26.3% of the total settlement award, net costs. *See* Doc. 13.

Still, "[e]ven when a plaintiff has entered into a contingency-fee arrangement with [her] attorneys, and 'even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees.'" *Hernandez v. Boucherie LLC*, No. 18 Civ. 7887 (VEC), 2019 WL 3765750, at *4 (S.D.N.Y. Aug. 8, 2019) (quoting *Lazo*, 2019 WL 95638, at *2). The lodestar amount is the product of a reasonable hourly rate and the reasonable number of hours required for the case. *See Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). To determine the reasonableness of a requested hourly rate, the Court considers the prevailing market rate in this District. *Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18 Civ. 4193 (JPO), 2019 WL 2324567, at *5 (S.D.N.Y. May 30, 2019). Courts in this District have found that an hourly rate ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases. *See id.* Additionally, "in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable." *Rosales v. Gerasimos Enters. Inc.*, No. 16 Civ. 2278 (RA), 2018 WL 286105, at *2 (S.D.N.Y. Jan. 3, 2018) (quoting *Long v. HSBC USA INC.*, No. 14 Civ. 6233 (HBP), 2016 WL 4764939, at *11 (S.D.N.Y. Sept. 13, 2016)).

Brittle's counsel has provided documentation stating that she and her staff worked 86.5 hours on this matter. Doc. 13-2. The majority of those hours was completed by paralegals with hourly rates ranging from $95 to $125,[1] and the remainder of the time was worked by Penn Dodson at a rate of $450 an hour.[2] *See id.* Brittle's counsel asserts that these figures yield a lodestar of $21,127. *See id.* at 19; *see also* Doc. 13.

Although the purported hours worked are high given the early procedural posture of the arbitration, and Dodson has not provided information or documentation to support an hourly rate that is at the high end of what is typically found in FLSA cases, *see, e.g.*, *Flores Hernandez*, 2020 WL 5518314, at *1; *Zhen Ming Chen*, 2019 WL 2324567, at *5, the Court need not determine the reasonableness of these figures. Even if the hours billed were reduced to amounts typically found in wage-and-hour disputes at this procedural juncture, and even if Dodson's hourly rate was reduced to the low end of rates found in FLSA cases, the proposed fee award would still be fair and reasonable. Indeed, even if the hours worked were cut in half and were billed at the low end of the paralegal's rate—$95 an hour—the fee award would yield a multiplier of 1.9 times the lodestar. Courts in this District have concluded that a multiplier no greater than 2 "should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases," *Lazo*, 2019 WL 95638, at *3, and the multiplier here would be even lower with higher hourly rates and hours worked. Accordingly, the fee award is fair and reasonable. *See id.*

The Revised Agreement otherwise represents a fair and reasonable settlement. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). Accordingly, the parties' request for approval

---

[1] A small percentage of this time was classified as administrative work, which was billed at a rate of $45 an hour. *See* Doc. 13-2.

[2] Dodson provides no information or documentation supporting her proposed hourly rate.

of the Revised Agreement is GRANTED.  The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: February 16, 2021
   New York, New York

                             EDGARDO RAMOS, U.S.D.J.